PER CURIAM.
Nelson Reynoso appeals the trial court’s order denying his motion for correction of sentence, which was filed pursuant to Florida Rule of Criminal Procedure 3.800(a). The State concedes error, and we reverse.
In 1995, Reynoso was convicted of two counts of attempted first-degree murder with a firearm and was sentenced to two concurrent terms of 123.5 months in the Department of Corrections. Reynoso argues that in his sentencing guidelines scoresheet, he received twenty-five points that were illegally assessed.
The State points out that section 921.0014, Florida Statutes (1993), provides for the assessment of twenty-five points “[i]f the offender is convicted of committing or attempting to commit any felony other than those enumerated in section 775.087(2) while having in his possession a semi-automatic firearm -” (emphasis supplied.) However, Reynoso was convicted of attempted murder in the first-degree with a firearm which is a felony that is enumerated in section 775.087(2).
We agree that it was error to include twenty-five point's on Reynoso’s score-sheet pursuant to section 921.0014. See Thomas v. State, 685 So.2d 867 (Fla. 2d DCA 1996). However, Reynoso is subject tó an enhanced mandatory minimum sentence' in accordance with section 775.087(2), because of the possession of the semi-automatic firearm. See State v. Leatherwood, 561 So.2d 459 (Fla. 2d DCA 1990) (court required to impose mandatory sentence).
Accordingly, we reverse the order denying Reynoso’s motion to correct sentence and remand to the trial court with directions to remove the twenty-five points from the sentencing guidelines scoresheet. The trial court shall resentence Reynoso pursuant to a corrected scoresheet, imposing the mandatory minimum sentence required for use of a firearm in the commission of attempted murder.
Reversed and remanded.
PARKER, C.J., and WHATLEY and NORTHCUTT, JJ., concur.